UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN FORD,

        Plaintiff,

                                    Case No. 16-cv-11485

v.

                                    HON. MARK A. GOLDSMITH

RANDALL HAAS, et al.,

        Defendants.

_____/

**OPINION AND ORDER
OVERRULING DEFENDANTS' OBJECTION (Dkt. 26), DENYING AS MOOT
PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO RESPOND (Dkt. 28),
ACCEPTING THE MAGISTRATE JUDGE'S REPORT & RECOMMENDATION (Dkt.
25), AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 21)**

On July 17, 2016, Defendants filed a motion for summary judgment (Dkt. 21), claiming that Plaintiff Robert Harnden failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), before initiating this prisoner civil rights action. This Court referred the motion to the magistrate judge for a report and recommendation ("R&R"). See 6/6/2016 Order (Dkt. 10).

On September 20, 2016, Magistrate Judge David R. Grand issued an R&R (Dkt. 25), which recommends that this Court deny Defendants' motion. Defendants filed an objection to the R&R (Dkt. 26), to which Plaintiff has yet to respond.[1] For the reasons discussed below, the Court overrules Defendants' objection, accepts the recommendation contained in the R&R, and denies Defendants' motion for summary judgment.

---

[1] In a letter dated October 6, 2016, Plaintiff requested an extension of time to file a response to Defendants' objection (Dkt. 28). That letter was filed on the docket on October 17, 2016. Because the Court overrules Defendants' objection, see infra, Plaintiff's request for an extension is denied as moot.

1

## I.  STANDARD OF REVIEW

The Court reviews de novo any portion of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.").  Any arguments made for the first time in objections to an R&R are deemed waived.  Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

## II.  ANALYSIS[2]

In their motion for summary judgment, Defendants argued that Plaintiff failed to exhaust his administrative remedies, because "he did not follow the procedures of the [Michigan Department of Corrections' ("MDOC")] policy by filing a Step III grievance appeal prior to filing this lawsuit."  Defs. Mot. at 7-8.  The magistrate judge disagreed, finding that the "undisputed evidence" demonstrated that Plaintiff "made multiple requests for a Step II grievance appeal form so that he could comply with his exhaustion obligations, but that (contrary to MDOC policy) he received no response to these requests."  R&R at 7.  Because "there remains at least a genuine issue of material fact as to whether [Plaintiff] was effectively thwarted from utilizing the grievance procedure," the magistrate judge recommends that Defendants' motion for summary judgment be denied.  Id.

Defendants object to the magistrate judge's conclusion that Plaintiff exhausted his administrative remedies as to all Defendants.  Specifically, Defendants contend that, because the

---

[2] The factual and procedural background, along with the standard of decision and legal principles governing motions for summary judgment, has been adequately set forth by the magistrate judge in his R&R and need not be repeated here.

initial grievance only identified four individuals — M. Williams, Eric Herbert, Michael White, and Robert Brandt-Leduc — Defendants Randall Haas, George Stephenson, Kristopher Steece, Eutrilla Taylor, and John Klimowicz are entitled to summary judgment based on improper exhaustion. Defs. Obj. at 2-3.[3] However, Defendants did not raise this argument in their initial motion for summary judgment. Because arguments made for the first time in objections to an R&R are deemed waived, Uduko, 975 F. Supp. 2d at 757, the Court overrules Defendants' objection.

Defendants do not otherwise object to the R&R and, upon review, the Court finds that the magistrate judge reached the right conclusion for the right reason. Accordingly, the Court accepts the recommendation in the R&R and denies Defendants' motion for summary judgment.

### III.  CONCLUSION

For the reasons stated above, the Court overrules Defendants' objection (Dkt. 26), denies as moot Plaintiff's request for an extension of time (Dkt. 28), accepts the magistrate judge's recommendation contained in the R&R (Dkt. 25), and denies Defendants' motion for summary judgment (Dkt. 21).

SO ORDERED.

Dated:  November 2, 2016                      s/Mark A. Goldsmith
        Detroit, Michigan                     MARK A. GOLDSMITH
                                              United States District Judge

---

[3] Defendants also argue that Williams is entitled to summary judgment because Plaintiff's grievance does not allege any wrongdoing on the part of Williams. There are two problems with this argument. First, Williams is not named as a defendant in the present action. See Compl. at 3 (cm/ecf page) (Dkt. 1). Second, Defendants did not raise this argument in their motion for summary judgment and may not raise it now for the first time in their objection to the R&R. Uduko, 975 F. Supp. 2d at 757. Therefore, the Court overrules this portion of Defendants' objection.

3

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2016.

s/Karri Sandusky
Case Manager
