UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN E. FORD,

                        Plaintiff,         Civil Action No. 16-11485
v.                                                  Honorable Mark A. Goldsmith
                                                        Magistrate Judge David R. Grand

RANDALL HAAS, *et al.*,

                        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [55]**

**I.    REPORT**

    **A.    Background**

Plaintiff Brian Ford ("Ford") is a State of Michigan prisoner, who currently is confined at the Earnest C. Brooks Correctional Facility ("LRF") in Muskegon Heights, Michigan. He brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his First, Eighth, and Fourteenth Amendment rights. (Doc. #1). At the time of the events at issue in his complaint, Ford was housed at the Macomb Correctional Facility ("MRF") in New Haven, Michigan, and all of the named defendants are employed by the Michigan Department of Corrections ("MDOC") at MRF.

In his complaint, Ford alleges that, during the summer of 2015, he – along with several other MRF inmates – filed a Prison Rape Elimination Act ("PREA") report, asserting that fellow inmate "Bourney," a member of the Gangster Disciples ("GDs"), was "trying to force [him] to have sex with others for money …." (*Id.* at 5). According to Ford, an investigation was conducted, after which Bourney was placed in segregation. (*Id.*). When Bourney was released from segregation two months later, however, he allegedly began threatening Ford again. (*Id.*).

Ford further alleges that, after repeated complaints, Bourney was finally transferred to the Chippewa Correctional Facility in October 2015; however, just a few days later, Ford was assaulted by other GDs at Bourney's direction. (*Id.* at 6). Ford alleges that Defendants ignored his PREA complaint, were aware of ongoing threats to his safety, and failed to protect him, resulting in his assault. (*Id.* at 8).

On July 11, 2017, Ford filed the instant Motion for Preliminary Injunction, seeking an order prohibiting Defendants from transferring him from LRF to the Bellamy Creek Correctional Facility ("IBC") in Ionia, Michigan. (Doc. #55). In his motion, Ford claims that on June 30, 2017, a prison psychologist "informed" him that he "would be transferring to IBC [] soon." (*Id.* 4). Ford asserts that if he were to be transferred to that facility, his life will "absolutely" be in danger because "Borney"[1] has issued a "standing hit" against him. (*Id.* at 4, 7). He bases this assertion on a handwritten note he recently received from his former cellmate, Brian Bourne, warning him that Borney was recently housed at IBC and, while there, told all of the GDs at that facility who Ford is and "to keep an eye out for [his] arrival" at IBC. (*Id.* at 4). Pursuant to this Court's Notice (Doc. #57), Defendants filed a response to Ford's motion on July 21, 2017 (Doc. #59). In accordance with E.D. Mich. L.R. 7.1(f), the Court will decide the motion on the briefs and without a hearing.

**B.    Analysis**[2]

---

[1] Ford seems to be referring to the person he identified as "Bourney" in his complaint. (*Id.*) ("Borney is the same prisoner who ordered the hit against Plaintiff [which resulted in his filing his complaint in this matter.]").

[2] In response to Ford's motion, Defendants first argue that this Court lacks jurisdiction to issue the requested injunction. (Doc. #59 at 5-6). Specifically, Defendants point out that they are all employed at MRF, but Ford is seeking an order enjoining certain unnamed individuals <u>at LRF</u> – none of whom are parties to this action – from transferring him to IBC. The Court is inclined to agree with Defendants that, rather than by way of the instant motion, "the proper avenue to

2

Ford carries a heavy burden to demonstrate entitlement to a preliminary injunction.[3] Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Further, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have 'additional reason to accord deference to the appropriate prison authorities.'" (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted)).

In deciding whether to grant injunctive relief, a court considers four factors: (1) whether the plaintiff has a strong likelihood of success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) whether issuance of the preliminary injunction will cause substantial harm to others; and (4) whether the public interest will be served by issuance of the injunction. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

---

proceed is a separate complaint against those individuals" at LRF. (*Id.* at 6). Nevertheless, given the nature of the issue alleged by Ford in his motion, the Court will consider his request for injunctive relief on the merits.

[3] Indeed, the Sixth Circuit has said that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

The Court begins its analysis with the second factor – irreparable injury. Courts have recognized that a plaintiff's mere assertion that he will be injured, however seriously, is insufficient. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Rather, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.* "[T]o substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.* In this case, Ford cannot satisfy this standard, as he has not offered any admissible evidence showing that he is in imminent danger of irreparable harm. As noted above, Ford's request for injunctive relief is based in part on an assertion that: "On June 30, 2017, [he] was informed by Psychologist Weiber [sic] at Brooks Corr. Fac. in Muskegon Heights, MI, that he would be transferring to IBC Bellamy Creek Corr. Fac. in Ionia, MI soon." (Doc. #55 at 4). However, Defendants have submitted a sworn affidavit from LMF psychologist Chad Wieber, in which he explicitly states: "At no time did I ever tell prisoner Brian Ford #398994 that he would be transferring to the Bellamy Creek Correctional Facility (IBC), or any other correctional facility." (Doc. #59 at Ex. A, ¶ 3). Defendants further represent in their response to Ford's motion that "[t]here are currently no plans to transfer Ford to IBC, and in reality, IBC would be one of the last correctional facilities Ford would transfer to …." (*Id.* at 11). Thus, at best, Ford's motion is based on unsupported speculation that he will soon be transferring to IBC. Accordingly, Ford has not shown that he is in imminent danger of irreparable injury.[4]

The remaining factors also weigh in favor of denying Ford's request for injunctive relief. Issuing a preliminary injunction prohibiting Ford's transfer to a different prison would result in

---

[4] Moreover, as the Defendants point out, Ford has other avenues available to address his safety concerns, such as requesting placement in protective housing.

harm to both the MDOC and the public, because providing appropriate supervision of Michigan's large inmate population necessarily requires the ability to transfer prisoners between facilities when the need arises. As the Sixth Circuit has recognized, "problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997). Ford's request that the Court order the MDOC to refrain from transferring him to another facility, by its very nature, intrudes on the MDOC's ability to make decisions regarding the care and custody of its prisoners. Such an order would affect not only Ford's safety, but the safety of MDOC staff, other prisoners, and the public. Finally, all of the foregoing show that Ford does not have a likelihood of success on the merits of this particular issue.

For all of these reasons, and upon a balancing of the relevant factors, Ford has not shown that he is entitled to a preliminary injunction.

## II. RECOMMENDATION

For the reasons stated above, **IT IS RECOMMENDED** that Ford's Motion for Preliminary Injunction (**Doc. #55**) be **DENIED**.

Dated: July 24, 2017  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140

5

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 24, 2017.

> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager